# United States Court of Appeals for the Fifth Circuit

No. 22-10871
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 30, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Luis Adrian Amaro-Lopez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:17-CR-107-1

Before Elrod, Willett and Ho, *Circuit Judges*.
Per Curiam:[*]

Luis Adrian Amaro-Lopez, federal prisoner # 03649-408, moves for leave to proceed in forma pauperis (IFP) in his appeal from the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. He is currently serving a 168-month sentence for distribution and possession with intent to distribute 50 grams or more of methamphetamine. The district court determined that Amaro-Lopez failed to show extraordinary and

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

compelling reasons warranting relief and that the 18 U.S.C. § 3553(a) factors did not weigh in favor of relief. *See* § 3582(c)(1)(A)(i).

In his brief on appeal, Amaro-Lopez contends that the district court abused its discretion in denying his motion for compassionate release because it failed to address his arguments and failed to articulate any reasons for the denial of his motion. In his compassionate release motion, Amaro-Lopez argued that the following circumstances presented extraordinary and compelling circumstances for compassionate release: (i) his sister suffered from diabetes and other medical issues that prevented her from properly administering her medication, and he was needed as her primary caregiver; (ii) the conditions at his prison facility were "harsh" due to effects of COVID-19; (iii) he was denied the opportunity to earn time credits under 18 U.S.C. § 3632(d)(4), because he did not speak English and no educational programs were being offered at his correctional facility due to COVID-19; and (iv) he was sentenced using the multiplier for actual methamphetamine instead of that for a methamphetamine mixture and the purity distinction between the multipliers is arbitrary and unjust. Amaro-Lopez fails to identify a nonfrivolous argument that an extraordinary or compelling circumstance justified the granting of his compassionate release motion. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022); *United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020).

Accordingly, his IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.